Chancellor David Johnson
delivered the opinion of the Court.
The court having arrived at the conclusion, that the declarations of Elizabeth Chovin, that she had accepted the negroes from Gaillard, in satisfaction of the bond, referred to in the first ground of the mo. tion, was improperly rejected, it will be unnecessary to express any opinion on the merits of the case. — I shall therefore confine myself to that question alone; premising, however, that there can be no question that the paper purporting to be the will of Elizabeth Chovin, referred to in the second ground of the motion, was properly admitted in evidence, not as a paper having the effect of a will, but as evidence of the understanding both of herself and Gaillard, in relation to the title of the negroes.
The negroes had originally belonged to Elizabeth Chovin, who sold them in 1819 to plaintiff’s testator, and took his bond for $1300, She amount of the sale. The testator died shortly after, leaving the *173 bond unpaid ; and by his will, appointed David Gaillard his executor. The «state of the testator had been divided between his widow and children, as directed by bis will; and the negroes in dispute, as well as the negroes bequeathed to his wife, were left on the plantation where he died, and where the widow and Elizabeth Chovin, who were sisters, resided after his death. David Gaillard, the executor, said he had returned them to Elizabeth Chovin, and that she had accepted them in satisfaction ©f the bond. The plaintiff claims the negroes as a part of the unadministered assets of his testator, and the defendant under a parol gift from Elizabeth Chovin to his wife, the daughter of testator, who was her niece. And it is obvious that the question, whether there was or was not, an agreement between Gaillard the executor, and Elizabeth Chovin, to rescind the contract for the sale of the negroes, by the latter, to the testator, was an important inquiry. And hence the question, whether the declarations of Elizabeth Cho-vin, that she had accepted the negroes from Gaillard, in satisfaction of the bond, was, or was not admissible, on the part of the defendant.
The rule laid down by Starkie m his Treatise on Evidence, part 1, page 47, is, that declarations which have no tendency to illustrate the question, except as a mere abstract statement, detached from any particular fact in dispute, and depending for. their effects entirely on the credit ot the person who makes them, are not admissible ; but if, on the contrary, any importance can be attached to it as a circumstance which is part of the transaction itself, and deriving a degree of credit from their connection with the circumstances, independently of any credit to be attached to the speaker, then they are admissible. Digby vs. Stedman, 1st Esp. Rep. 328, is referred to in illustration of the rule, when in trover for a watch, the defendant was permitted to give in evidence, an entry made by himself of the delivery of the watch according to the order of the plaintiff, to a third person. And Lord Kenyon put it mainly on the ground, that it went to support the evidence of a witness, who had sworn that he saw the watch delivered, and saw the entry in the book shortly after it had been made by the defendant. So in Tomkins vs. Saltmarsh, 14 Serg. and Rawle 275, where in an action against a bailee, for the loss of goods by negligence, he was permitted to give in evidence his own acts and declarations immediately before and after the loss, to repel the allegations of negligence. So in the case of Darby’s Administrators vs. Rice, 2 Nott & M’Cord 597, where the defendant was permitted to give in evidence his own declarations, that he knew certain bank bills which had been in the possession of plaintiff’s intestate, as a circumstance tending to shew that he had received them from the defendant.
*174 The objection to the evidence offered here, is that it is the mere declaration of Elizabeth Chovin, under whom the defendant claims, that the property in the negroes was in herself; and if it stood alone, and was dependent altogether on the credit due to her, it must, according to the rule, be clearly inadmissible ; but when it is recollected that Gaillard himself had declared that he had delivered the negroes to her in satisfaction of the bond, and that the circumstances will warrant the inference that they were in her possession, and under her exclusive controul, it will be perceived that her declarations were indispensably necessary to make out a complete history of the transaction, if indeed it was imperfect without them ; and they derive their weight and influence from the attending circumstances, rather than from the credit due to her. They tend too, directly to corroborate the evidence given of the declarations of Gaillard, that he had delivered the ne-groes to her, as in Digby vs. Stedman. They prove her knowledge of an acquiescence in the transaction referred to in the declarations of Gaillard, as in Darby’s Adm’r. vs. Rice.
There is another class of cases referred to by the counsel, which strike me as showing very clearly the application of the principle— they establish the position that the declarations of even a party are admissible to characterize his possession of property; as that it is adverse or otherwise, as in Jones vs. Mickle, Harper 419; Markley vs. Amos, 2 Bailey 603; so in Forrest vs. Trammell, 1 Bailey 77; when in an action for the admeasurement of dower, the demandant was permitted to give in evidence the declaration of her deceased husband, to show the extent of his possession. This appears to have been conceded on the trial; and a distinction appears to have been taken between the admissibility of the declarations of Elizabeth Chovin,. characterising her possession as adverse to the claim set up by the complainant, and not as evidence of the agreement between herself and Gaillard; but I have not been able to mark the difference. Conceding that she was in possession of the negroes, and that her declarations as to the character of her possession, were admissible, in what manner are they to be proved ? Surely not by suppressing a part of what she said at the time, and substituting its legal effect ? Th© rules of law require that the whole shall be taken together; and whether they consist of the naked declaration that she held adversely or subordinate to Gaillard, or had taken them from him by force, or purchased from him, stating the time, place, and manner, — they are equally admissible.
And it strikes me that the character of her possession necessarily entered into the matter in controversy. If subordinate to the claims ef *175 Gaillard, that circumstance would repel the evidence of the agreement between them; but if under circumstances corresponding with the agreement, then it as necessarily tended to support it.
But there is another view of this matter. The question in issue was whether there had been an agreement between Elizabeth Chovin and Gaillard, the executor, that the former should take the negroes in satisfaction of the bond, and proof of her assent was indispensable. Perhaps the declarations of Gaillard, and her subsequent possession, might be regarded as sufficient evidence of it between these parties; but clearly it is susceptible of higher proof; and in the absence of any deed or other writing, there is no other mode of proving it than by her own declarations — not as declarations depending for their support on the credit to which she was entitled, but as evidence of the fact that she did consent to receive the negroes in satisfactien of the bond.
Motion granted.
DAVID JOHNSON.
We concur,
JOSIAH J. EVANS,
HENRY W. DESAUSSURE,
JOHN B. O’NEALL,
J. S. RICHARDSON.
Chancellor Johnston.
Justice to the Circuit Judge requires me to state, that the only ground upon which I concur in the ordering of a new trial, depends on a fact which did not fully appear on the trial below, but has been agreed on by counsel here. The fact to which I allude, is, that the plaintiff is the administrator of Elizabeth Chovin, as well as of John Dutart.
It is competent for the defendant to shew that the plaintiff, as administrator of John Dutart, has no title in the slaves. For this purpose he offered the declarations of Gaillard, the preceding representative of John Dutart, that he had transferred them to Elizabeth Cho-vin, in payment of her bond. If the jury relied on this evidence, it was complete proof of the transfer. But, as they might possibly consider these declarations as evidence of a mere offer on the part of Gaillard to make the transfer, it was proper for the defendant to shew that Miss Chovin had accepted it, and executed the contract.
If Miss Chovin had been a stranger to the plaintiff, her declarations that she had accepted Gaillard’s offer would not, in my opinion, have been competent, as against the plaintiff to prove the acceptance; being her mere statement of what had been done. But as the plaintiff is her representative, he is bound by her declarations.
The declarations of Miss Chovin should therefore have been received, as evidence against the plaintiff, that the title of the slaves was out of him, as administrator of Dutart, and vested in him as administrator of Miss Chovin.
If the plaintiff could not, under the counts of his d.'daration, rely ®n his title as Miss Chovin’s representative, this evidence alone wouhl *176 have been destructive of his right to recover; and the defendant need not have proceeded to prove a gift from Miss Chovin to his wife, or any other title under her. But if the plaintiff could recover on his title, as administrator of Miss Chovin, then, and not till then, would-it be necessary for the defendant to shew evidence of a claim under' her.
Bailey and Petighu, for motion.
Hunt, contra.
Filed 13th June, 1836.
From what I have said, it will appear that I do not regard the declarations of Miss'Chovin-receivable under the idea of res gestee; a* seems to be the opiuion of my brother Johnson. On that point 1 agree thoroughly with the Circuit Judge. And as to the case of Darby vs. Rice, 2. Nott & M’Oord, 297, it is not authority to that point. The’declarations of the plaintiff were there received on the score of their internal evidence; upon the same principle that extorted confessions of ;a culprit,' that he deposited stolen goods in a particular spot, are evidence against him, if the goods are found at the place described by him.
J. JOHNSTON,